The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RHINE, an individual,

                Plaintiff,

      v.

PETE BUTTIGIEG, United States Secretary
of Transportation,

                Defendant.

CASE NO.  2:20-cv-01761-RAJ

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT AND
AFFIRMATIVE DEFENSES

COMES NOW defendant Pete Buttigieg[1], United States Secretary of Transportation ("Defendant"), by and through his attorneys, Brian T. Moran, United States Attorney for the Western District of Washington, and Sarah K. Morehead, and Heather C. Costanzo, Assistant United States Attorneys for said District, and states as follows in answer to Plaintiff Rhine's Complaint in paragraphs that correspond to the numbering in the Complaint:

## I.    <u>INTRODUCTION</u>

1.1       Defendant admits that the plaintiff in this case is Daniel Rhine, that he purports to bring

---

[1] On February 2, 2021, Pete Buttigieg became the Secretary of the United States Department of Transportation. Defendant thus substitutes Secretary Buttigieg in place of former Secretary Chao, pursuant to Fed. R. Civ. P. 25(d).

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 1

claims against the Secretary of the U.S. Department of Transportation in his official capacity for

retaliation and discrimination, and that his Prayer for Relief requests damages and attorney's fees.

Except as so admitted, defendant denies the allegations of the paragraph.

## II. PARTIES

2.1     Defendant lacks information sufficient to admit or deny the first sentence of the paragraph and

therefore denies the same.  Answering the second sentence, defendant admits that at all times relevant

to the Complaint, plaintiff was an employee of the FAA and denies the remaining allegations of the

sentence.

2.2     The allegation regarding jurisdiction states a legal conclusion to which no answer is required.

To the extent an answer is required, defendant denies and puts plaintiff to his proof.  Defendant denies

the remaining allegations of the paragraph.

## III.  JURISDICTION & VENUE

3.1     The allegation regarding venue states a legal conclusion to which no answer is required.  To

the extent an answer is required, defendant denies and puts plaintiff to his proof.

3.2     Defendant denies the allegation as written.  Defendant admits that the MSPB issued its Initial

Decision on September 29, 2020 that stated in part: "This initial decision will become final on

**November 3, 2020**, unless a petition for review is filed by that date."

## IV.  FACTS

4.1     Defendant admits that on July 6, 2010, plaintiff started his employment with the FAA as a

full-time employee.  Except as so admitted, defendant denies the allegations of the paragraph.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.2      Defendant admits the allegations of the paragraph.

4.3      Defendant admits that while plaintiff was employed by the FAA, plaintiff pursued a master's degree in Public Administration (MPA) through the University of Nebraska, Omaha. Defendant also admits that in 2018, plaintiff was accepted into the agency's degree completion program. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations of the paragraph and therefore denies the same.

4.4      Defendant admits that Thomas Poole was plaintiff's supervisor for a period of time. Except as so admitted, defendant denies the allegations of this paragraph.

4.5      Defendant admits that plaintiff and Ms. Perez were in what could be described as a relationship at some points in 2013 and 2014. Except as so admitted, defendant denies the remaining allegations of the paragraph.

4.6      Defendant denies the allegations of this paragraph.

4.7      Defendant denies the allegations of this paragraph.

4.8      Defendant admits that plaintiff made an informal complaint to the EEOC in 2015 against Ms. Storlie (whose last name later changed to Perez) claiming a hostile work environment. Except as so admitted, defendant denies the allegations of the paragraph.

4.9      Defendant denies the allegations of the paragraph.

4.10     Defendant denies the allegations of the paragraph.

4.11     Defendant admits that in January 2016, plaintiff and the FAA reached a settlement agreement on the matters involved in plaintiff's EEO complaint. Except as so admitted, defendant denies the allegations of the paragraph.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.12     Defendant responds that the allegation regarding "investigation results" is too vague to permit a response so defendant denies the same.  Defendant denies the remaining allegations of the paragraph.

4.13     Defendant admits that plaintiff claimed in 2016 that the settlement agreement was breached and followed the appeal process without success.  Except as so admitted, defendant denies the allegations of the paragraph.

4.14     Defendant denies the allegations of this paragraph.

4.15     Defendant admits that procedures implemented to ensure Plaintiff only accessed FAA work areas necessary to fulfill the requirements of his job, while limiting contact with certain individuals in the Acquisitions line of business, were relaxed around July 2017.  Except as so admitted, defendant denies the allegations of the paragraph.

4.16     Answering the first sentence of the paragraph, defendant lacks information sufficient to admit or deny the allegations and therefore denies the same.  Defendant denies the second sentence of the paragraph.

4.17     Defendant lacks information sufficient to admit or deny the allegations of this paragraph and therefore denies the same.

4.18     Defendant denies the allegations of this paragraph.

4.19     Defendant responds that the allegations in this paragraph are too vague to permit a response, and therefore defendant denies the same.

4.20     Defendant denies the allegations of this paragraph.

4.21     Defendant denies the allegations of this paragraph.

4.22     Defendant admits that on February 20, 2019, plaintiff sent an email that included Mr. Van Allman, Mr. Poole, and Scott Matson in which he wrote that he was "fatigued of your team's 4 year

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

history of false claims that stem from continued sexual harassment." Except as so admitted, defendant denies the allegations of the paragraph.

4.23     Defendant admits that on February 20, 2019, Mr. Van Allman wrote an email to plaintiff regarding his February 20, 2019 email.  The content of the email speaks for itself and defendant denies any allegation inconsistent with the content of the email.  Except as so admitted, defendant denies the allegations of the paragraph.

4.24      Defendant denies the allegations of the paragraph.

4.25      Defendant denies the allegations of the paragraph.

4.26      Defendant admits that on or around February 22, 2019 and at the suggestion of Kirsten Kenny, Mr. Van Allman, Ms. Dillon, and others met to determine whether plaintiff's behaviors constituted a threat to other agency employees or property.  Except as so admitted, defendant denies any remaining allegations in the paragraph.

4.27      Defendant denies the allegations of the paragraph.

4.28      Defendant denies the allegations of the paragraph.

4.29      Defendant admits that on March 2, 2019, Ms. Perez saw plaintiff in the 5th floor pantry outside the legal office going through the refrigerator.  Defendant admits that Ms. Perez and plaintiff did not interact with each other at that time.   Defendant lacks knowledge sufficient to admit or deny the allegation regarding whether plaintiff was aware that Ms. Perez was in the area at the time and therefore denies the same.  Defendant admits that Ms. Perez told Ms. Kenny that she felt threatened by plaintiff's presence.  Except as so admitted, defendant denies the allegations of the paragraph.

4.30      Defendant admits that Ms. Perez did not claim in her interview to have observed lack of candor, inaccurate time and attendance, or misuse of government property or time on March 2, 2019. Except as so admitted, defendant denies the allegations of the paragraph.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.31     Defendant admits that on March 4, 2019, Ms. Kenny investigated what Ms. Perez had reported by reviewing video.  Defendant admits that Ms. Kenny was generally aware plaintiff and Ms. Perez had had a previous relationship years before.  Except as so admitted, defendant denies the allegations of the paragraph.

4.32     Defendant denies the allegations of the paragraph.

4.33     Defendant denies the allegations of the paragraph.

4.34     Defendant admits that Ms. Kenny assigned Ms. Lund as the Primary Investigator on the case and that Ms. Dillon was notified of the investigation.  Except as so admitted, defendant denies the allegations of the paragraph.

4.35     Defendant admits the allegations of the paragraph.

4.36     Defendant denies the allegations of the paragraph.

4.37     Defendant admits that plaintiff filed an Allegation Report Form with the FAA Accountability Board on or around March 6, 2019.  Defendant admits that what plaintiff wrote on the form speaks for itself and denies any allegation inconsistent with what he wrote.  Except as so admitted, defendant denies the allegations of the paragraph.

4.38     Defendant admits the allegations of the paragraph.

4.39     Defendant admits that on March 11, 2019, Ms. Perez was interviewed for the ASH investigation into plaintiff's behaviors and made her statement as to why she was concerned to have found plaintiff in the break room outside of her office on Saturday, March 2, 2019.  Except as so admitted, defendant denies the allegations of the paragraph.

4.40      Defendant admits that Ms. Perez did not claim in her interview to have observed lack of candor, inaccurate time and attendance, or misuse of government property or time on March 2, 2019. Except as so admitted, defendant denies the allegations of the paragraph.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.41      Answering the first sentence of the paragraph, defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations therein and therefore denies the same. Defendant admits that Ms. Lund and Ms. Kenny questioned plaintiff on May 2, 2019.  Except as so admitted, defendant denies the allegations of the paragraph.

4.42    Defendant admits that plaintiff volunteered the names of file locations on his work computer where he had saved and stored personal materials and admits that he showed the ASH investigators his personal cellphone.  Except as so admitted, defendant denies the allegations of the paragraph.

4.43      Defendant admits that plaintiff exhibited some tears while he was being interviewed and admits that plaintiff admitted his wrongdoing.  Except as so admitted, defendant denies the allegations of the paragraph.

4.44      Defendant denies the allegations of the first sentence of the paragraph.  Defendant admits the allegations of the second sentence of the paragraph.

4.45      Defendant admits that Ms. Dillon requested a meeting with Mr. Van Allman and Ms. Holguin but denies the remaining allegations of the paragraph.

4.46      Defendant denies the allegations of the paragraph.

4.47      Defendant denies the allegations of the paragraph.

4.48      Defendant denies the allegations of the paragraph.

4.49      On July 19, 2019, Ms. Lund issued a supplemental Report of Investigation (ROI).  A second supplemental ROI was issued on September 26, 2019.  Except as so admitted, defendant denies the allegations of the paragraph.

4.50      Defendant admits that around August 6, 2019, plaintiff sent an email to Mr. Allman that referenced a "Person A" and "Person B."  Except as so admitted, defendant denies the allegations.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.51     Defendant denies the allegations of this paragraph.

4.52     Defendant denies the allegations of the paragraph.

4.53     Defendant admits that plaintiff wrote a document about his performance.  Except as so admitted, defendant denies the allegations of the paragraph.

4.54     Defendant denies the allegations of the paragraph.

4.55     Defendant denies the allegations of the paragraph.

4.56     Defendant admits that on October 15, 2019, Ms. Holguin informed plaintiff that he was being proposed for removal on the following five charges: (1) misuse of government property, (2) misuse of government time, (3) misrepresentation of time and attendance, (4) theft, and (5) lack of candor.  Except as so admitted, defendant denies any remaining allegations in the paragraph.

4.57     Defendant admits that Ms. Dillon sent an email saying that she was "strategically" sending plaintiff's disciplinary action out prior to other disciplinary actions she was working on for the line of business, and that, as she testified at the MSPB hearing, she needed to send out the discipline that was subject to appeal rights under the union contract prior to lower level discipline that did not carry appeal rights and did not have to be completed under the same time constraints.  Except as so admitted, defendant denies the allegations of the paragraph.

4.58     Defendant admits that on or around October 30, 2019, plaintiff provided a response to the proposal for removal and that his response referenced anxiety.  Except as so admitted, defendant denies the allegations of the paragraph.

4.59     Defendant admits that plaintiff claimed that the investigation was initiated from Ms. Perez's statements.  Except as so admitted, defendant denies the allegations of the paragraph.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.60     Defendant admits that it did not issue a letter of expectation to plaintiff prior to his proposed removal, but to the extent Plaintiff is suggesting one was required, this is denied. Except as so admitted, defendant denies the allegations of the paragraph.

4.61     Defendant admits that on December 5, 2019, Ms. Holguin sent plaintiff a decision sustaining his removal. Except as so admitted, defendant denies the allegations of the paragraph.

4.62     Defendant denies the allegations of the paragraph.

4.63     Defendant admits the first sentence of the paragraph and admits that before the MSPB plaintiff asserted affirmative defenses to his removal that were not sustained. Except as so admitted, defendant denies the allegations of the paragraph.

4.64     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations regarding when plaintiff received the MSPB decision and therefore denies the same. Defendant admits that the MSPB issued a decision dated September 29, 2020 affirming the FAA's decision to remove plaintiff and that the decision was sent electronically the same day. Except as so admitted, defendant denies the allegations of the paragraph.

4.65     Defendant admits the allegations of the paragraph.

## V. CAUSES OF ACTION

5.1     Defendant incorporates and re-alleges its responses to paragraphs 1.1 through 4.26 as if fully set forth herein.

5.2     Defendant denies the allegations of the paragraph.

5.3     Defendant denies the allegations of the paragraph.

5.4     Defendant incorporates and re-alleges its responses to paragraphs 1.1 through 5.5 as if fully set forth herein.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.5     This allegation states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, defendant denies the allegations.

5.6     This allegation states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, defendant denies the allegations.

5.7     Defendant denies the allegations of this paragraph.

5.8     Defendant denies the allegations of the paragraph.

6.1-6.9   Answering plaintiff's prayer for relief, defendant denies that plaintiff is entitled to any relief.

## Affirmative Defenses

1.      Plaintiff fails to state a claim against defendant upon which relief can be granted.

2.      All actions taken by defendant with respect to plaintiff were based upon legitimate, non-retaliatory and non-discriminatory reasons.

3.      Some or all of plaintiff's claims may be barred by the applicable statute of limitations.

4.      Plaintiff failed to exhaust his administrative remedies with respect to some or all of his claims.

5.      Plaintiff failed to exhaust his administrative remedies in a timely fashion as to some or all of his claims.

6.      Defendant had a legitimate business reason for every action taken regarding plaintiff, including but not limited to the actions admitted herein.

7.      Defendant's actions, about which plaintiff now complains, were taken in a fair, reasonable, and lawful manner under the circumstances then existing.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.      Defendant's actions, about which plaintiff now complains, were a just and proper exercise of management discretion, undertaken for fair and honest reasons in good faith under the circumstances then existing.

9.      Defendant had legitimate, non-retaliatory and non-discriminatory reasons for taking the actions that are the subject of the instant complaint that were not pretextual.  Even if retaliation or discrimination played any role in any action taken, defendant would have taken the same action regardless.

10.     There is no basis for imputing liability to the defendant.

11.     Plaintiff has no damages.  To the extent damages exist, plaintiff failed to mitigate damages.

12.     Plaintiff failed to timely complain about any alleged harassment.  Defendant took prompt, effective remedial action to end any alleged harassment, even if it occurred.

13.     Defendant reserves the right to amend this Answer to state additional defenses, and to delete or withdraw defenses, as may become apparent during the course of discovery.

        DATED this 22nd day of February, 2021.

                                        Respectfully submitted,

                                        BRIAN T. MORAN
                                        United States Attorney

                                        *s/ Heather C. Costanzo*
                                        HEATHER C. COSTANZO, FL # 37378

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES
2:20-cv-01761-RAJ - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*s/ Sarah K. Morehead*
SARAH K. MOREHEAD, WSBA #29680
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Email: Heather.Costanzo@usdoj.gov
Email: Sarah.Morehead@usdoj.gov

Attorneys for Defendant