UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RHINE,<br><br>                Plaintiff,<br><br>    v.<br><br>PETE BUTTIGIEG,<br><br>                Defendant. | CASE NO. 2:20-cv-01761-RAJ-BAT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S CROSS MOTION FOR PROTECTIVE ORDER** |

      Before the Court are Defendant Pete Buttigieg's Motion for Protective Order (Dkt. 15) and Plaintiff Daniel Rhine's Cross Motion for Protective Order (Dkt. 18). In this discrimination action, Plaintiff alleges that his former employer, the Federal Aviation Administration (FAA), unlawfully discriminated and retaliated against him when the agency removed him from federal employment in 2019. Dkt. 1. Defendant has denied those claims, and discovery has commenced. In his discovery requests, Plaintiffs seeks extensive information and documents about other FAA employees:

> INTERROGATORY NO. 1: Identify all individuals who have made complaints to the Accountability Board, EEO, or management through any other formal or informal means of discrimination, harassment, a hostile work environment, or retaliation made to, against, or involving Thomas Poole, Rich van Allman, Clark Desing, Scott Matson, Kirsten Kenny, Gina Perez (formerly Storlie), and Kristine Dillon. Provide each individual's gender, race, history of any protected disclosures (e.g. Accountability Board, EEO, or similar), the allegations of their complaint involving each named individual in detail, all attachments and investigative material, the reporting parties' personal contact information (phone number, email address, and address), and describe any action taken by the

Defendant or its employees in response to each complaint. Complaints include verbal complaints, written complaints, lawsuits, agency filings, and any other means by which employees have complained about employment discrimination, harassment, hostile work environment, and retaliation.

REQUEST FOR PRODUCTION NO. 8: Please produce a complete copy of all personnel files and performance reviews from Fiscal Year 2015 to the present, including any discipline issued and the dates each performance review was entered with electronic certification, for the following [21] individuals.

Dkt. 16, Declaration of James Strong, Ex. B.

Defendant acknowledges that other employees' work histories may be discoverable in employment discrimination cases and that the Privacy Act does not protect such items from being discoverable. However, Defendant is concerned about how these documents, once produced, will be handled during this litigation and after it is over. Plaintiff argues that the documents sought are "routine use documents [that] are excepted for production under the Privacy Act, and are therefore, not appropriate for any Stipulated Protective Order."

Because Defendant acknowledges that the documents are discoverable, the issue here is whether there is good cause to fashion an appropriate protective order to shield the otherwise discoverable items from public disclosure. *See, e.g.*, *Irish v. Whitman Cnty.*, Case No. 05-134-LRS, 2005 WL 8158786, at *2 (E.D. Wash. Dec. 9, 2005). Defendant seeks an order to protect personnel records, reports of protected activity of other FAA employees, or other documents subject to the Privacy Act, from further use or dissemination outside this litigation. Many courts recognize that "personnel files often contain sensitive personal information, … and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008); *Lauer v. Longevity Medical Clinic PLLC*, 2014 WL 5471983, at *7 (W.D. Wash. Oct. 29 2014) (recognizing the "sensitive contents" of personnel files but expressing confidence that the "parties' Protective Order will be

ORDER GRANTING PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER AND DENYING
DEFENDANT'S CROSS MOTION FOR
PROTECTIVE ORDER - 2

sufficient to shield these employees from any public disclosure"). Similarly, reports of protected activity can possibly result in "substantial harm, embarrassment, inconvenience, or unfairness" to employees named therein. *Delaittre v. Berryhill*, 2017 WL 6310483, at *7 (W.D. Wash. Dec. 11, 2017). Thus, the Court finds that good cause exists to protect these records.

Plaintiff also argues that Defendant must identify with specificity what documents must be protected. Dkt. 18, p. 8. According to 5 U.S.C. § 552a(a)(4), the "term 'record' means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4). In addition, the Court has authority to issue a protective order on a less than document-by-document basis if the moving party (1) "make[s] some threshold showing of good cause to believe that discovery will involve confidential or protected information," which "may be done on a generalized as opposed to document-by-document basis;" (2) "agree[s] to only invoke the designation in good faith;" and (3) provides that the receiving party has "the right to challenge the confidentiality designations assigned to documents." *Henry v. Ocwen Loan Servicing, LLC*, Case No. 17-688-JM-NLS, 2018 WL 1638255, at *2 (S.D. Cal. Apr. 5, 2018) (quoting *Van v. Wal-Mart Stores, Inc.*, Case No. 08-5296-PSG, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) and *Parkway Gallery Furniture, Inc. v. Kittinger/Penn. House Grp., Inc.*, 121 F.R.D. 264, 268 (M.D.N.C. 1988)). The protective order proposed by Plaintiff involves confidential information, provides that the parties shall invoke the designation in good faith, and provides that the receiving party has the right to challenge the confidentiality designation assigned to documents.

ORDER GRANTING PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER AND DENYING
DEFENDANT'S CROSS MOTION FOR
PROTECTIVE ORDER - 3

Accordingly, the Court **grants** Defendant's Motion for Protective Order (Dkt. 15) and **denies** Plaintiff's Motion for Protective Order (Dkt. 18) as moot. It is further **ORDERED** that the Protective Order proposed by Defendant (Dkt. 15-1) will be signed and entered by the Court separately.

DATED this 9th day of September, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge