UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RHINE,

                Plaintiff,

     v.

PETE BUTTIGIEG,

                Defendant.

CASE NO. 2:20-cv-01761-RAJ-BAT

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER (DKT. 40)**

On September 15, 2022, the Court granted Defendant Pete Buttigieg's Motion to Exclude Opinions of Brian E. Sawyer. Dkt. 40. On September 16, 2022, the Court held a Scheduling Conference and revised the case schedule to allow the filing of Plaintiff's motion for reconsideration and re-noting Defendant's Motion for Summary Judgment for October 21, 2022. Dkt. 41. On October 3, 2022, Plaintiff filed a Response/Motion for Reconsideration (Dkt. 42), to which Defendant replied (Dkt. 47).

For the reasons set forth below, the Court **DENIES** Plaintiff's Response/Motion for Reconsideration.

<u>DISCUSSION</u>

A.    <u>Standard of Review</u>

       1.    <u>Fed. R. Evid. 702</u>

If scientific, technical, or other specialized knowledge will assist the trier of fact to

understand the evidence or to determine a fact in issue, a witness qualified as an expert by

knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion

or otherwise. Fed. R. Evid. 702. Thus, Rule 702 requires first, that the evidence assist the trier of

fact, "in other words, that it be relevant" and second, "it demands that the evidence be reliable."

*Diviero v. Uniroyal Goodrich Tire Co*., 114 F.3d 851, 853 (9th Cir. 1997) (citing *Daubert v.*

*Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 590, 113 S.Ct. 2786, 2795-96 (1993). "[T]he

expert's bald assurance of validity is not enough," and the proponent of the expert "must show

that the expert's findings are based on sound science, and this [requires] some objective,

independent validation of the expert's methodology." *Daubert v. Merrell Dow Pharms., Inc*., 43

F.3d 1311, 1316 (9th Cir. 1995) (*Daubert II*); *see also*, *Kumho Tire, Ltd. v. Carmichael*, 526 U.S.

137, 147 (1999) (applying *Daubert* to non-scientific testimony).

      "To evaluate reliability, the district court must assess the expert's reasoning or

methodology, using [] appropriate criteria such as testability, publication in peer-reviewed

literature, known or potential error rate, and general acceptance." *Elosu v. Middlefork Ranch*

*Inc*., 26 F.4th 1017, 1024 (9th Cir. 2022) (internal citations omitted). To evaluate relevancy, the

court must determine whether the proposed expert testimony "logically advances a material

aspect of the party's case." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (internal citation

omitted). To be relevant, the testimony must assist the trier of fact in understanding the evidence

or determining a fact at issue. *Easton v. Asplundh Tree Experts, Co*., Case No. C16-1694-RSM,

2017 WL 4005833, at *3 (W.D. Wash. Sept. 12, 2017).

      2.    Motions for Reconsideration

      Motions for reconsideration are disfavored and the court will ordinarily deny such

motions in the absence of a showing of manifest error in the prior ruling or a showing of new

1    facts or legal authority which could not have been brought to its attention earlier with reasonable

2    diligence. *See* Local Rule CR 7(h)(1).

3    B.    Sawyer's Supplemental Declaration

4        In addition to his response to the motion to exclude his expert Brian Sawyer, Plaintiff

5    filed a second declaration by Mr. Sawyer.

6        Under Fed. R. Civ. P. 26(a)(2) and 26(e), a party must timely supplement an expert report

7    "if the party learns that in some material respect the disclosure… is incomplete or incorrect, and

8    if the additional or corrective information has not otherwise been made known to the other

9    parties during the discovery process or in writing." In turn, Fed. R. Civ. P. 37(c)(1) "'gives teeth

10   to th[is] requirement[]' by automatically excluding any evidence not properly disclosed under

11   Rule 26(a)." *Luke v. Fam. Care and Urgent Med. Clinics*, 323 F. App'x 496, 498 (9th Cir. 2009)

12   (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

13       Rule 26(e) does not "create a loophole through which a party who submits partial expert

14   witness disclosures, or who wishes to revise [his] disclosures in light of [his] opponent's

15   challenges to the analysis and conclusions therein, can add to them to [his] advantage after the

16   court's deadline for doing so has passed." *Luke*, 323 F. App'x at 500.

17       Plaintiff argues that supplementation to his expert's report is appropriate because "at the

18   time of [his expert's] deposition [May 25, 2022], Defendant had not provided Plaintiff with the

19   additional discovery documents critical to [his expert's] supplemental analysis, specifically those

20   that are now denominated as exhibits to Mr. Sawyer's current declaration." Dkt. 42, p. 6.

21   Plaintiff and Mr. Sawyer claim they did not have access to seven documents until the close of

22   discovery in June 2022. Dkt. 43, ¶¶ 5-6 (Rhine); Dkt. 46, ¶ V.1 (Sawyer listing 7 documents (a)-

23   (g)). According to counsel for Defendant, all but one of these documents were in Plaintiff's

possession prior to Mr. Sawyer's deposition and the one document that was produced to Plaintiff after Mr. Sawyer's deposition (Plaintiff's March 18, 2019 email) was not relied on by Mr. Sawyer in his report:

1.  Dkt. 43-2 – FAA Order 1600.69C (USAO 16545-672): Defendant produced this document to Rhine on April 4, 2022. See Dkt. 48, Declaration of Caitlin Froelich ("Froelich Decl.") ¶¶ 3-4, Ex. 1.

2.  Dkt. 43-1 – FAA Order 1600.38F (USAO 16527-44): Defendant produced this document to Rhine on April 4, 2022. *Id*., Froelich Decl. ¶¶ 3-4, Ex. 1.

3.  Dkt. 46-1, p. 1 – emails that Rhine sent to himself on March 2, 2019 (no Bates label): Rhine provides no explanation how he did not have his own emails, but nevertheless Defendant did not produce documents without a Bates label in response to any discovery request in this case. *Id*., Froelich Decl. ¶ 6.

4.  Dkt. 46-1, pp. 2-3 – email dated March 18, 2019 (USAO 17468-69): Defendant produced this document to Rhine on June 6, 2022. *Id.*, Froelich Decl. ¶ 5.

5.  Dkt. 46-1, pp. 7-8 – sworn statement made by Rhine on May 2, 2019 (no Bates label): Rhine produced this statement to Defendant on September 12, 2021 (Rhine 6381-82). *Id.*, Froelich Decl. ¶ 7, Ex. 2.

6.  Dkt. 46-1, p. 9 – sworn statement by Gina Perez in 2019 (no Bates label): Rhine used this statement as an exhibit at Perez's deposition on April 22, 2022. *Id.*, Froelich Decl. ¶ 9, Ex. 5. Rhine also acknowledged in his Initial Disclosures that he had a copy of the FAA's Report of Investigation, which included Perez's statement. *Id.*, Froelich Decl. ¶ 8, Ex. 4.

    The document also has a footer showing a submission date of February 21, 2020, which is soon after Rhine appealed his termination to the Merit Systems Protection Board. *See generally Rhine v. Dep't of Transp*., Case No. SF-0752-20-0174-I-1, 2020 WL 5879750 (MSPB Sept. 29, 2020).

7.  Dkt. 46-1, pp. 10-12 – an email chain between Perez, Kirsten Kenny, and Jill Lund between March and July 2019 (no Bates label): Rhine produced part of this email string to Defendant on September 12, 2021 (Rhine 6378). *Id*., Froelich Decl. ¶ 7, Ex. 3.

1    Thus it appears that Plaintiff could have provided the "additional documents" only

2  "recently provided" to Mr. Sawyer earlier, but for some reason did not. Additionally, Mr.

3  Sawyer's supplemental disclosure is not limited to the "additional documents." For example,

4  Plaintiff's counsel asked Mr. Sawyer to review additional emails from February 2019 and opine

5  on whether the FAA should have recommended or conducted a threat assessment of Plaintiff at

6  that time. Dkt. 46, ¶ V.6. Plaintiff does not suggest that these documents were unavailable to him

7  before expert disclosures were due. In fact, the first email reviewed by Mr. Sawyer in his

8  supplemental report is referenced in Plaintiff's Complaint. Dkt. 1, ¶ 4.22.

9    Disclosing new or revised opinions, which should have been provided at the time

10  disclosures were due in April 2022, is impermissible under Rule 26(e). *See Lindner v. Meadow*

11  *Gold Dairies, Inc.*, 249 F.R.D. 625, 639 (D. Haw. 2008) (stating that courts have rejected

12  supplemental expert reports that "attempted to 'deepen' and 'strengthen' the expert's prior

13  reports") (citing *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003)).

14    Plaintiff's failure to timely supplement Mr. Sawyer's expert report is not harmless. *Wong*

15  *v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1065 (9th Cir. 2005); *see also Northwest Pipeline*

16  *Corp. v. Ross*, No. 05-1605-RSL, 2008 WL 1744617, at *10 (W.D. Wash. Apr. 11, 2008)

17  (finding a party's failure to request an extension a significant factor in justifying exclusion of

18  experts and their reports) (citing *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1225, 1258

19  (9th Cir. 1998)). If Plaintiff believed he did not have critical information to submit to Mr.

20  Sawyer until June 2022, Plaintiff could have sought an extension with this Court to supplement

21  his expert's opinion. However, Plaintiff never requested an extension. Thus, the Court finds that

22  Mr. Sawyer's untimely supplemental disclosure is not substantially justified.

23

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION OF COURT'S
ORDER (DKT. 40) - 5

1    In addition, Mr. Sawyer still fails to identify any discernible or reproducible methodology

2    used in forming his opinions, which renders them unreliable. Mr. Sawyer's opinions are also not

3    relevant as they are not helpful to the trier of fact.

4    For example, Mr. Sawyer states that the FAA's 2019 investigation into Rhine was not

5    done "consistent with standard investigative practices" because it was not done within a

6    reasonable timeframe. Dkt. 46, ¶ V.4.b. Mr. Sawyer cites to FAA Order 1600.38F, which states

7    that FAA investigators will "collect and receive evidence, examine witnesses, and administer

8    oaths or affirmations." *Id*. Mr. Sawyer does not explain how this requirement provides any

9    discernible methodology to form his opinion. Instead, he merely appends "[w]ithin a reasonable

10   amount of time" to his prior opinion that the standard of care would have been to "interview the

11   parties and review the evidence and that wasn't done." Dkt. 26-4 at 93:10-94:2. As was

12   previously discussed in the Court's September 15, 2022 Order, Mr. Sawyer admitted at his

13   deposition that there is no standard to apply and he simply relied upon his experience when

14   reading the materials and offering opinions. Dkt. 26-4 at 89:4-7; 101:1-102:9.

15   Plaintiff also argues that Mr. Sawyer's opinions will help a jury understand "whether the

16   FAA's actions are consistent with commonly accepted methodologies for investigation and the

17   FAA's own orders governing such investigations." Dkt. 42, p. 8. However, Mr. Sawyer simply

18   recites what Ms. Perez put in her affidavit and questions whether that was sufficient to warrant

19   an investigation. An expert witness's role, however, is to "provide information to the jury that

20   helps it understand disputed issues of fact, and not to restate evidence that can be presented

21   without expertise." *Hillery v. Sun City Anthem Cmty. Ass'n*, Case No. 17-2639-MMD-EJY, 2019

22   WL 5095780, at *10 (D. Nev. Oct. 11, 2019) (citing *Paatolo v. J.P. Morgan Chase Bank*, Case

23

No. 10-119, 2012 WL 12887697, at *3 (D. Mont. May 31, 2012)). Plaintiff can present evidence of what Ms. Perez stated without the benefit of Mr. Sawyer's testimony.

Plaintiff further argues that Mr. Sawyer may assist the jury in evaluating a comparative analysis of similarly situated employees, but Mr. Sawyer has done no such comparison of any similarly situated employees and offers no opinion on this topic. Also in his original report, Mr. Sawyer opined about the content of a Bellevue Police Report, the dismissal of a temporary restraining order, and Plaintiff's workplace demeanor. Defendant argued and the Court agreed that none of Mr. Sawyer's opinions on these topics are relevant and should be excluded. *See* Dkt. 26-2; Dkt. 40 at 7, 8, 10-11. Plaintiff does not address or move for reconsideration of this portion of the Court's September 15, 2022 Order.

In sum, the Court's September 15, 2022 Order granting Defendant's Motion to Exclude Opinions of Brian E. Sawyer (Dkt. 40), accordingly stands. Whether the Court considers Plaintiff's motion to revisit its prior ruling excluding Mr. Sawyer as a motion to reconsider or in the first instance, the Court finds Plaintiff has failed to provide grounds for the Court to reverse its earlier decision. Plaintiff has failed to present any new facts or legal authority and has not shown manifest error in the Court's September 15, 2022 Order that would justify granting reconsideration.

Moreover, even considering Mr. Sawyer's supplemental declaration in the first instance, the Court finds Plaintiff has failed to establish Mr. Sawyer presents admissible relevant expert evidence. The Court finds as noted above that Mr. Sawyer's reasoning or methodology does not meet the test for reliability and his opinions, which essentially mirror Mr. Rhine's opinions is not material and helpful to the trier of fact.

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION OF COURT'S
ORDER (DKT. 40) - 7

1

2        The Court accordingly **ORDERS** Plaintiff's response/motion for reconsideration (Dkt.

3   42) is **DENIED**. The Clerk shall provide a copy of this order to counsel and to the assigned

4   United States District Judge.

5        DATED this 13th day of October, 2022.

6

7                                          _____

8                                          BRIAN A. TSUCHIDA
                                           United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION OF COURT'S
ORDER (DKT. 40) - 8