UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RHINE,

              Plaintiff,

   v.

PETE BUTTIGIEG,

              Defendant.

CASE NO. 2:20-cv-01761-RAJ-BAT

**ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION (DKT. 57), DIRECTING RESPONSE TO SUMMARY JUDGMENT BE FILED BY OCTOBER 31, 2022**

Before the Court is Plaintiff's untimely motion to clarify and permit Plaintiff to file on October 28, 2022, an untimely response to Defendant's summary judgment motion. Dkt. 57.

Defendant's motion for summary judgment has been pending since it was filed on July 5, 2022. Dkt. 22. Since then, resolution of summary judgment has repeatedly been delayed. Most recently, on September 13, 2022, the Court granted Plaintiff's motion to extend the summary judgment noting date to September 30, 2022. Dkt. 39. Plaintiff moved for this extension contending "counsel did not anticipate the breadth of the record." Dkt. 37 at 3.

On September 16, 2022, after a hearing, the Court again extended the summary judgment noting date to October 21, 2022. Dkt. 41. On October 17, 2022, Plaintiff filed an unopposed motion to renote the summary judgment motion for October 28. Dkt. 50. The motion stated: "opposing counsel does not oppose a one-week FINAL extension on the response date," and "Counsel is confident . . . she will be able to complete all necessary briefing." *Id*. at 3-4.

On October 17, 2022, the Court granted the unopposed motion and ordered Plaintiff to file his response to summary judgment by October 24, 2022. The Court also stated that "there will be no further extensions of Plaintiff's deadline for this motion." Dkt. 51.

On October 24, 2022, Plaintiff filed an untimely and deficient motion for overlength brief. Dkt. 52. The motion is untimely because it violates Local Rule 7(f)(1) which requires motions for overlength briefs to be filed no later than three days before the brief is due. The motion is deficient because it fails to "request a specific number of pages" as required by Local Rule 7(f)(2). Plaintiff subsequently filed a praecipe to the motion in which he requested permission to file a 40-page response, and to permit Defendant to reply no later than October 31, 2022. Dkt. 54. The Court granted Plaintiff leave to file a 35-page overlength brief but did not order extension of the noting date. Dkt. 55.

On October 28, 2022, Defendant filed a reply indicating while the Court granted Plaintiff permission to file an overlength brief, the Court "did not alter the noting date for summary judgment," Plaintiff has not filed a response, and Defense Counsel "has received no further communication from Rhine's counsel concerning the response since the motion for overlength brief was filed." Dkt. 56 at 2.

On October 28, 2022, at 4:45 pm, Plaintiff filed a motion to Clarify and/or Extend Deadlines for Response and Reply. The motion argues Plaintiff belatedly produced many documents that have significantly delayed his counsel's efforts to produce a response to summary judgment and the "Court did not clarify the clarify the actual filing date for this Response," and "Counsel understood that it was necessary for that final Response to be made by the Noting date today and anticipates doing so." Dkt. 57 at 2. Plaintiff also filed a declaration in support stating after being granted permission to file an overlength brief he belatedly provided his lawyer, for

the first time, documents he received in informal discovery, thought the Court would renote the date the response was due, and believes the response will be filed on October 28, 2022. Dkt. 58.

      The Court finds Plaintiff's motion unconvincing and unsupported. First, Plaintiff has been given ample time to respond to summary judgment. Second, on October 17, 2022, the Court ordered Plaintiff to file his response to summary judgment by October 24, 2022, and that "there will be no further extensions of Plaintiff's deadline for this motion." Dkt. 51. Third, Plaintiff filed an untimely motion for overlength brief and did not move for an extension of the summary judgment noting date. And fourth, while Plaintiff and his counsel indicate they believe the response is due October 28, 2022, no response was filed that day.

      When a party fails to timely act, the Court may extend the time to act for good cause if that party failed to act as a result of excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes and citations omitted). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citations omitted). Rule 6(b)(1)(B), "like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Id*. at 1258–59 (internal quotation marks and citations omitted).

Although the Court finds Plaintiff's motion unconvincing and unsupported, the Court is disinclined to deny Plaintiff the opportunity to have his case decided on the merits due to his inability and his lawyer's failure to abide by the rules or prepare the case in a manner that meets deadlines. Summary judgment which should have been ready for the Court's consideration last Friday will be delayed but just minimally to avoid undue prejudice to Defendant and impermissibly slow resolution of the case. That said, any future violations by Plaintiff of either the federal or local rules will be viewed harshly by the Court and may very well subject plaintiff's counsel or Plaintiff to sanctions.

Accordingly, it is **ORDERED**:

1. Plaintiff's response to Defendant's motion for summary judgment shall be filed no later than October 31, 2022. No further extension will be granted and any motion to extend will be summarily denied.

2. Defendant's reply brief is due November 4, 2022.

3. The Clerk shall note the summary judgment motion, Dkt. 22, for November 4, 2022 as ready for the Court's consideration.

DATED this 31st day of October, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge