HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RHINE,

       Plaintiff,

  v.

PETE BUTTIGIEG, in his official capacity as Secretary of the United States Department of Transportation,

       Defendant.

Case No. 2:20-cv-01761-RAJ

**ORDER**

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's motion for leave to appeal in forma pauperis. Dkt. # 86. For the reasons below, the Court **GRANTS** the motion.

## II.   BACKGROUND

Plaintiff worked for the FAA from 2010 until 2019, when the FAA removed him from federal service after an investigation revealed Rhine had misused government equipment and time on a personal house-flipping business, gambling pools, and graduate coursework, misrepresented his time and attendance, taken food that was not his out of common-area refrigerators, and then failed to show candor when confronted with that misconduct. Dkt. # 69. Plaintiff's Complaint asserts Title VII claims against the U.S. Secretary of Transportation and alleges that he suffered adverse treatment because he

ORDER – 1

made complaints of discrimination and harassment from January 2019 through August 2019. *Id.*

Following a period of discovery, Defendant moved for summary judgment. Dkt. # 22. This Court referred the motion to the Honorable Brian A. Tsuchida, who then issued a Report & Recommendation that Defendant's motion be granted and the case dismissed with prejudice. Dkt. # 69. In February 2023, this Court then issued an order adopting the Report & Recommendation and entered judgment. Dkt. # 75. On April 11, 2023, Plaintiff filed a notice of appeal. Dkt. # 84.

### III.  DISCUSSION

Plaintiff did not initially seek in forma pauperis status in filing this action; rather, he paid the filing fee in full.  Dkt. # 1. Nonetheless, Rule 24(a)(1), Federal Rules of Appellate Procedure ("Fed. R. App. P."), provides that a party may proceed in forma pauperis on appeal if he or she files a motion in district court and attaches an affidavit that: (1) shows in detail the party's inability to pay or give security for fees and costs; (2) claims an entitlement to redress; and 3) states the issues the party intends to present on appeal. Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a)(1).

The determination of the moving party's indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir.1991), *rev'd on other grounds*, 506 U.S. 194 (1993). "One need not be absolutely destitute to obtain benefit of the in forma pauperis statute." *Jefferson v. U.S.*, 277 F.2d at 725. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependants with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Where the supporting affidavits comply with the statute, they should ordinarily be accepted, especially if unopposed. *Jefferson v. U.S.*, 277 F.2d at 725.

Here, the motion is unopposed. Plaintiff explains his financial status declaring he makes approximately, $2,400 and has less than $200 in his bank account. Dkt. # 86.

ORDER – 2

Plaintiff further declares that his monthly expenses exceeds his income by approximately $4,000. *Id.* Plaintiff intends to appeal the adverse summary judgment ruling on his employment discrimination and retaliation claims. *Id.* Plaintiff has shown his financial eligibility and that the appeal is not frivolous. Therefore, his motion to proceed on appeal in forma pauperis is granted.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for leave to appeal in forma pauperis. Dkt. # 86.

DATED this 3rd day of May, 2023.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3